# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM A. TURNER, JR., | ) |
| Petitioner, | ) |
| | ) Case No. 15-0335-CV-W-HFS-P |
| vs. | ) |
| HEATH SPACKLER, | ) |
| Respondent. | ) |

## ORDER DISMISSING CASE WITH PREJUDICE

Petitioner, a convicted state prisoner currently confined at the Western Missouri Correctional Center in Cameron, Missouri, has filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 convictions and 2009 sentences for first-degree arson and attempt to manufacture a controlled substance, which were entered in the Circuit Court of Buchanan County, Missouri. Petitioner raises five grounds for relief. Doc. 1. Respondent contends that Petitioner's petition should be dismissed as untimely and does not address the procedural default or merits of Petitioner's grounds for relief. Doc. 13. Because this Court finds that Petitioner's petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and (2), this case must be dismissed with prejudice.

### Discussion

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(2) provides that the time

1

during which petitioner had a properly filed state collateral review pending shall not be counted toward any period of limitation under Section 2244(d).

The Missouri Court of Appeals affirmed Petitioner's convictions on December 28, 2010. Doc. 13-1, p. 3. Therefore, Petitioner's conviction became final fifteen days later on January 12, 2011, when the deadline for filing a motion for rehearing or transfer to the Missouri Supreme Court passed without Petitioner filing a motion. *See* Mo. Sup.Ct. Rules 83.02, 84**.**17(b) (setting 15–day deadline from appellate court's order); *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (holding that a judgment becomes final when a petitioner's "time for seeking review with the State's highest court expire[s]."); *King v. Hobbs,* 666 F.3d 1132, 1135 (8th Cir. 2012) (noting that the state supreme court is Missouri's state court of last resort) (quotation marks and citations omitted).

The statute of limitations then ran for 92 days until April 14, 2011, when Petitioner filed his motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 29.15. Doc. 13-2, p. 1. The statute of limitations was tolled until June 18, 2014, when the Missouri Court of Appeals issued its mandate affirming the denial of post-conviction relief. Doc. 13-3, p. 4. The statute of limitations then ran for an additional 313 days until Petitioner filed his present federal habeas petition with this Court on April 27, 2015. Accordingly, the statute of limitations ran for a total of 405 days, making Petitioner's petition untimely by 40 days.

Petitioner argues that *Gonzalez* held that the statute of limitations does not start until the 90-day period of time in which Petitioner could have filed a petition for writ of certiorari with the United States Supreme Court. Doc. 15, pp. 1-4. Petitioner's argument is misplaced, because Petitioner did not file a motion for rehearing and did not seek transfer to the Missouri Supreme Court. "[T]he critical date for finality of the state-court conviction is expiration of the state's filing deadline." *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015); *see also King,* 666 F.3d at 1135 n. 2 (8th Cir. 2012) (noting that the
2

Supreme Court in *Gonzalez* "instructed us that when a petitioner decides to forgo state-court appeals, we must 'look to state-court filing deadlines' to determine the 'expiration of the time for seeking [direct] review'"). As set forth above, the expiration of the time for seeking direct review in Petitioner's case occurred on January 12, 2011, when the deadline for filing a motion for rehearing or transfer to the Missouri Supreme Court passed without Petitioner filing a motion. *See* Mo. Sup.Ct. Rules 83.02, 84**.**17(b). A failure to seek review from a state's highest court disables any subsequent reliance on a nonexistent right to seek certiorari from the United States Supreme Court. *Parmley v. Norris*, 586 F.3d 1066 (8th Cir. 2009) (citing *Pugh v. Smith*, 485 F.3d 1295, 1300 (11th Cir. 2006)); *see also Timmons v. Epps*, No. 4:11–CV–209–CWR–LRA, 2012 WL 3309358, at*3 n. 2 (D. Miss. 2012).

Petitioner's miscalculation of the limitations period does not constitute "extraordinary circumstances" for purposes of equitable tolling. *See Cross-Bey v. Gammon*, 322 F. 3d 1012, 1015-1016 (8th Cir.) (prisoner's lack of legal knowledge and failure to recognize importance of the one-year statute of limitations did not amount to an extraordinary circumstance beyond his control), *cert. denied*, 540 U.S. 971 (2003); *Small v. White*, 50 F.3d 12, 1995 WL 122753 (8th Cir. Mar. 23, 1995) (illiteracy, lack of education, *pro se* status, and diminished capacity did not excuse procedural default).

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is dismissed, with prejudice, as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and (2).

　/s/ Howard F. Sachs　　　　　　
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: October 7, 2015.

3

Case 4:15-cv-00335-HFS   Document 16   Filed 10/07/15   Page 3 of 3